UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

```
--------------------------------------------------- X
THE JACQUELINE NORRIS                              :
HUGGETT and JACQUELINE N.                          :
HUGGETT,                                           :
                                                   :
       Plaintiffs,                                 :
                                                   :
v.                                                 :
                                                   :
IRONSHORE SPECIALTY                                :
INSURANCE COMPANY,                                 :
                                                   :
       Defendant.                                  :
--------------------------------------------------- X
```

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant, Ironshore Specialty Insurance Company ("Ironshore"), through undersigned counsel, hereby removes the above-captioned matter to this Court from the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County (the "State Court Action"), stating as follows:

## PROCEDURAL POSTURE

1. The State Court Action was commenced by plaintiffs, The Jacqueline Norris Huggett (the "Huggett Trust") and Jacqueline N. Huggett, with the filing of their Complaint for Damages (the "Complaint") on January 3, 2018 in the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County (Case No. 2018-000109 CA 25).

2. Ironshore was served with a summons and a copy of the Complaint by the Chief Financial Officer of the State of Florida via electronic delivery on January 24, 2018.

3. The sole defendant in the State Court Action is Ironshore. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Ironshore in the State Court Action is attached hereto as Exhibit "A."

4. Plaintiffs allege that Ironshore failed to pay the full amount of insurance proceeds allegedly due under a first-party homeowner's insurance policy (the "Policy") in connection with a claim for loss and/or damage to Ms. Huggett's residence located at 3525 Matheson Avenue, Miami, FL 33133 resulting from Hurricane Irma on or about September 10, 2017 (the "Hurricane Claim"). The Complaint consists of one count for breach of contract.

5. On April 13, 2018, Ironshore removed the State Court Action to this Court. *See* Notice of Removal [D.E. 1], *The Jacqueline Norris Huggett v. Ironshore Specialty Ins. Co.*, Case No. 18-cv-21467 (U.S. Dist. Ct., S.D. Fla.).

6. Thereafter, on May 25, 2018, Ironshore moved to dismiss the action on grounds of prematurity and lack of subject-matter jurisdiction. *See* Motion to Dismiss Complaint for Lack of Subject-Matter Jurisdiction and Incorporated Memorandum of Law [D.E. 19], *The Jacqueline Norris Huggett v. Ironshore Specialty Ins. Co.*, Case No. 18-cv-21467 (U.S. Dist. Ct., S.D. Fla.).

7. On July 18, 2018, the Court granted Ironshore's motion, in part, by finding that the action was premature and, therefore, there was no subject-matter jurisdiction. However, contemporaneous with its ruling, the Court also remanded the action to the state court pursuant to 28 U.S.C. § 1447(c). *See* Order [D.E. 23], *The Jacqueline Norris Huggett v. Ironshore Specialty Ins. Co.*, Case No. 18-cv-21467 (U.S. Dist. Ct., S.D. Fla.).

8. Thereafter, on July 27, 2018, the state court dismissed the State Court Action in its entirety. A copy of the Order of Dismissal of the State Court Action is attached hereto as Exhibit "B."

9. Ironshore subsequently completed its investigation of the plaintiffs' insurance claim on October 2, 2018 and issued its final coverage position letter. Thereafter, by letter dated October 10, 2018, Ironshore issued payment of all remaining, undisputed proceeds due to the plaintiffs under the Policy for the Hurricane Claim.

10. On October 25, 2018, the state court entered an order setting aside the dismissal of the State Court Action and reopening the action. A copy of the state court's order reopening the State Court Action is attached hereto as Exhibit "C."

## DIVERSITY OF CITIZENSHIP

11. Ironshore and the plaintiffs, the Huggett Trust and Ms. Huggett, are citizens of different states for purposes of establishing this Court's subject matter jurisdiction under 28 U.S.C. § 1332.

12. Ironshore is an Arizona corporation with its principal place of business in Massachusetts. *See* online record for Ironshore from the website of the Florida Department of State, Division of Corporations (http://dos.myflorida.com/sunbiz) attached hereto as Exhibit "D"; *see also* online record for Ironshore from the website of the Florida Office of Insurance Regulation (www.floir.com) attached hereto as Exhibit "E." These records confirm that Ironshore is incorporated in Arizona and maintains its principal place of business at 75 Federal Street, Suite 500, Boston, MA 02110.

13. The Huggett Trust is a traditional trust. *See* the Huggett Trust's Answers to Ironshore's Jurisdictional Interrogatories, discussed *infra*. A traditional trust is a citizen of the

state of which the trustee is a citizen. *See Westgate Resort, Ltd. v. Sussman*, 2017 WL 3524315, at *2 (M.D. Fla. Aug. 16, 2017) (if the trust is a traditional trust, "the citizenship of the trustee is controlling for purposes of diversity jurisdiction."); *LMP Ninth St. Real Estate, LLC v. U.S. Bank Nat'l Ass'n*, 2016 WL 6068302, at *2 (M.D. Fla. Oct. 17, 2016) ("[A] traditional trust shares the citizenship of its trustee for diversity purposes.").

14. The Complaint does not specify whether the Huggett Trust is a traditional trust or a business trust. Similarly, the Complaint does not state the identity or citizenship of the Huggett Trust's trustees.

15. Accordingly, on February 26, 2018, Ironshore served the Huggett Trust with its First Set of Interrogatories (the "Jurisdictional Interrogatories") for purposes of identifying the nature of the Huggett Trust and the identity and citizenship of its trustees. A copy of the Jurisdictional Interrogatories is attached hereto as Exhibit "F."

16. The Huggett Trust answered the Jurisdictional Interrogatories on March 16, 2018. In its answers, the Huggett Trust stated that it is a traditional trust. *See* Answer to Interrogatory No. 1. Furthermore, the Huggett Trust identified Jacqueline Norris Huggett as the sole trustee and stated that Ms. Huggett is a citizen of Florida and resides in Miami-Dade County. *See* Answer to Interrogatory Nos. 2 and 3. A copy of the Huggett Trust's Answers to the Jurisdictional Interrogatories is attached hereto as Exhibit "G."

17. In addition to being the sole trustee of the Huggett Trust, Ms. Huggett is a co-plaintiff in this action. As indicated in the Huggett Trust's Answers to Ironshore's Jurisdictional Interrogatories, Ms. Huggett is a citizen of the State of Florida. This conclusion is further confirmed by the case of *RLI Insurance Company v. Livio M. Silva, et al.*, Case No. 1:02-cv-21941-KAM (U.S. Dist. Ct., S.D. Fla.). There, Ms. Huggett was named as a co-defendant.

Paragraph No. 8 of the Amended Complaint for Declaratory Relief [D.E. 24] states as follows: "Defendant, Jacqueline Huggett, is a citizen of the state of Florida, residing in Miami-Dade County, and is otherwise *sui juris*." In Ms. Huggett's Answer to the Amended Complaint for Declaratory Relief [D.E. 34], Ms. Huggett admits the allegations of Paragraph 8. Copies of the Amended Complaint for Declaratory Relief and Ms. Huggett's Answer to the Amended Complaint for Declaratory Relief, without exhibits, are attached hereto as Exhibits "H" and "I," respectively.

18. Based upon the Huggett Trust's Answers to the Jurisdictional Interrogatories and the pleadings in the *RLI v. Silva* action, the Huggett Trust and Ms. Huggett are both citizens of the State of Florida for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332. Because both plaintiffs are citizens of the State of Florida and Ironshore is a citizen of the State of Arizona and the State of Massachusetts, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

19. The amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000, as set forth in 28 U.S.C. § 1332.

20. The Complaint does not seek a sum certain. It merely alleges "[t]hat this is an action for breach of contract wherein the damages exceed $15,000.00 excluding attorney's fees, costs and interest." *See* Ex. A, Complaint, ¶1.

21. However, as discussed above, the Huggett Trust and Ms. Huggett submitted the Hurricane Claim under the Policy to Ironshore for the repair of damage resulting from Hurricane Irma. On or about April 26, 2018, in support of the Hurricane Claim, the plaintiffs provided Ironshore with an estimate prepared by Bruno Carnesella, LLC (the "Carnesella Estimate") identifying various areas of the insured premises that allegedly sustained damage from Hurricane

Irma and the amounts being sought from Ironshore for the repairs. The Carnesella Estimate totals $1,375,200 (before application of the Policy's $85,000 deductible). Attached as Exhibit "J" is a true and correct copy of the Carnesella Estimate.

22. Additionally, the Carnesella Estimate does not include statutory attorney's fees. Such fees are sought in the Complaint (*See* Ex. A, Complaint at ¶9 and at "Wherefore" clause) and must also be considered in determining the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); Fla. Stat. § 626.9373 (authorizing the recovery of attorneys' fees against surplus lines insurers, such as Ironshore, upon the rendition of a judgment or decree in favor of any named or omnibus insured under a policy or contract executed by the insurer).

23. Based upon its investigation of the Hurricane Claim, Ironshore issued payments to the plaintiffs totaling $123,374.69 (after application of the Policy's $85,000 deductible). *See* Letter from C. Mazer to Miami Public Adjusters, dated October 10, 2018, attached hereto as Exhibit "K."

24. Since the plaintiffs claim that they have sustained damages of $1,375,200 that are allegedly covered under the Policy, and Ironshore has paid a total of $123,374.69, the amount in controversy is well in excess of the $75,000 jurisdictional threshold of this Court.

**TIMELINESS OF REMOVAL**

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because this Notice of Removal is being filed within thirty (30) days of the October 25, 2018 order reopening the State Court Action.

26. Additionally, this Notice of Removal is being filed within one (1) year from the commencement of the State Court Action and therefore meets the timeliness requirement set forth in 28 U.S.C. § 1446(c)(1).

27. In sum, because diversity of citizenship exists as between the plaintiffs on the one hand, and Ironshore on the other, and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

28. The United States District Court for the Southern District of Florida encompasses the place where the State Court Action is pending.  Accordingly, this Court is the proper federal venue for this action.

29. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the plaintiffs and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County.

**WHEREFORE**, Ironshore Specialty Insurance Company respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County.

Dated: November 21, 2018
      Ft. Lauderdale, FL

                                      Respectfully submitted,

                                      LITCHFIELD CAVO LLP

                                By: s/ Jason M. Chodos
                                      Jason M. Chodos, Esq. (FL Bar No. 025823)
                                      chodos@litchfieldcavo.com
                                      Dana B. Schulman, Esq. (FL Bar No. 1002612)
                                      schulman@litchfieldcavo.com
                                      600 Corporate Drive, Suite 600
                                      Fort Lauderdale, Florida 33334
                                      Tel.: (954) 689-3000
                                      Fax: (954) 689-3001
                                      *Attorneys for Defendant,*
                                      *Ironshore Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 21, 2018, I served the foregoing Notice of Removal upon Michael A. Nuzzo, Esq., 5900 SW 73rd Street, Suite 205, South Miami, FL 33143 and Jorge C. Borron, Esq., Jorge C. Borron, LLC, 901 Ponce De Leon Blvd., Suite 305, Coral Gables, FL 33134 by e-mail and U.S. Mail, postage paid.

s/ Jason M. Chodos
Jason M. Chodos, Esq. (FL Bar No. 025823)
chodos@litchfieldcavo.com
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
Tel.: (954) 689-3000
Fax: (954) 689-3001
*Attorneys for Defendant,*
*Ironshore Specialty Insurance Company*